UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID FRAZIER, 05-B-0466,

        Petitioner,

     -v-                                  09-CV-864(MAT)
                                                **ORDER**
CONWAY,

        Respondent.

_____

## I.   Introduction

*Pro se* petitioner David Frazier ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in Monroe County Supreme Court of Attempted Murder in the First Degree (N.Y. Penal L. §§ 125.27(1)(a)(vi), 110.00), Criminal Possession of a Weapon in the Second Degree (former § 265.03(2)) and Criminal Possession of a Weapon in the Third Degree (former § 265.02(4)) following a jury trial before Judge Joseph D. Valentino. Petitioner was sentenced to an indeterminate term of imprisonment of twenty years to life.

## II.  Factual Background and Procedural History

Petitioner's conviction stems from an incident that occurred on the evening of July 18, 2003, wherein petitioner pointed a loaded, sawed-off shotgun at Roy Warner ("the victim").

At approximately 10:54pm on July 18, 2003, Monroe County Sheriff's Deputy Kimberly Doerr ("Doerr") was on routine road

patrol in the area of Chili Center when she received a call regarding a person pointing a gun at someone on Scottsville Road in the Town of Chili. The call indicated that the suspects, described as two black males, had left the scene in a blue car. Doerr received further information that one of the suspects was tall, thin and dressed in dark clothing, and that one of the men was wearing a do-rag on his head. Hr'g Mins. dated 5/20/2004 at 5-7.

Doerr began driving toward the reported location, and, as she approached the intersection of Ballantyne and Scottsville Roads, she observed a blue vehicle with two black male occupants with short hair or possibly a do-rag. The vehicle was stopped at a traffic light heading northbound, away from the location of the incident, and Doerr observed that the driver of the vehicle was not wearing a seatbelt. Hr'g Mins. 8-9, 18, 34-35, 37, 41.

Doerr began following the blue car, and, after waiting for back-up to get closer to her position, she initiated a traffic stop of the vehicle. Once the vehicle was stopped, she saw the passenger, later identified as the petitioner, throw what appeared to be a shotgun out of the passenger-side window.[1] Doerr then ordered the occupants to put their hands up. When the petitioner complied, Doerr saw him "pull[ ] something off of his head." A black and grey scarf was later found on the floor on the passenger

---

[1] It was later confirmed by Doerr that the object thrown was a sawed-off shotgun.

side of the car. Also recovered from the vehicle was another shotgun, ammunition, and rubber gloves. Hr'g Mins. 10-17.

Petitioner was identified by the victim, and provided a written statement to police after his arrest acknowledging his involvement in the incident. Resp't Appx. B at 15.

Following his conviction, petitioner filed a brief in the Appellate Division, Fourth Department, raising two points on appeal: (1) the trial court erred in refusing to suppress evidence seized by police from the vehicle in which he was a passenger; and (2) petitioner was denied due process because the police did not electronically record his interrogation. Resp't Appx. A. The Appellate Division unanimously affirmed the judgment of conviction. People v. Frazier, 52 A.D.3d 1317 (4th Dept. 2008), lv. denied, 11 N.Y.3d 788 (2008).

This habeas corpus petition followed, in which he raises the same claims as he did on direct appeal. For the reasons that follow, petitioner is not entitled to the writ, and the petition is dismissed.

## III. Discussion

### A.    Standard of Review for Federal Habeas Corpus Petitions

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or

involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

### B.   Petitioner's Claims

### 1.   Ground One: Fourth Amendment Violation

Petitioner first contends that his conviction was obtained "by use of evidence obtained pursuant to an unconstitutional search and seizure." Petition ("Pet.") ¶ 22(A). As he did on appeal, petitioner argues that the trial court should have suppressed the evidence against him because the arresting deputy tailored her testimony to withstand constitutional scrutiny. Id. The Appellate Division held that the trial court's decision to credit the testimony that the officer's stop was based on a traffic violation was entitled to deference, and that the trial court properly determined that the officer had reasonable suspicion that at least one of the car's occupants had been involved in a crime, and the stop was therefore justified. Frazier, 52 A.D.3d. at 1317.

The respondent argues that petitioner's claim is not cognizable on habeas review pursuant to the doctrine of Stone v. Powell, 428 U.S. 465, 481-82 (1976). The Court agrees.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does

not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 481-82. Accordingly, Fourth Amendment claims may not be reviewed by a habeas court, except under two narrow exceptions: "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir.1992) (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir.1977)(*en banc*)). Neither of these exceptions applies in this case.

Petitioner cannot and does not contend that New York failed to provide a corrective procedure to redress his alleged Fourth Amendment claim, as the Second Circuit has observed, "the 'federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 *et seq.* ...., as being facially adequate.'" Capellan, 975 F.2d at 70 n.1 (quoting Holmes v. Scully, 706 F.Supp. 195, 201 (E.D.N.Y.1989) and citing Gates, 568 F.2d at 837 & n.4; Shaw v. Scully, 654 F.Supp. 859, 864 (S.D.N.Y.1987)).

Petitioner was afforded a three-day pretrial evidentiary hearing, during which his Fourth Amendment claim was addressed and

litigated. Following that hearing, the trial court issued a written Decision and Order setting forth findings of fact and conclusions of law, ultimately denying petitioner's suppression motion. Resp't Appx. B at 95-106.  Petitioner's counsel then submitted a thorough brief to the Appellate Division, seeking review of the trial court's determination. The appellate court likewise rejected petitioner's contention. Frazier, 52 A.D.3d at 1317. It is therefore clear that petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, and there is no "unconscionable breakdown" present on this record. See, e.g., Plunkett v. Johnson, 828 F.2d 954, 956 (2d Cir.1987)(Habeas petitioner was not entitled to relief on ground that evidence obtained in unconstitutional search or seizure was introduced at his trial, where issue was fully litigated in suppression hearing and was subject to state appellate review).

For all of the foregoing reasons, federal habeas review of petitioner's Fourth Amendment claim is unavailable based upon the doctrine of Stone v. Powell, and Ground One of the petition is dismissed.

### 2.   Ground Two: Due Process Violation

Petitioner's second ground alleges that the failure of police to electronically record his interrogation denied him due process. Pet. ¶ 22(B). Petitioner raised this claim in the Appellate

Division as a violation of state constitutional law, which the appellate court summarily rejected. Frazier, 52 A.D.3d at 1317.


Under the habeas corpus statute, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement requires a habeas petitioner to present his federal constitutional claims to the highest court of the state. Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.1991) (citing Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir.1990)(*per curiam*)); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The state courts "must be fairly apprised that petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim." Id. (citing Morgan v. Jackson, 869 F.2d 682, 684 (2d Cir.), cert. denied, 493 U.S. 920 (1989); Daye v. Att'y General, 696 F.2d 186, 191 (2d Cir.1982) (*en banc*)).  There are a number of ways in which a petitioner may "fairly present" a constitutional claim "without citing chapter and verse of the Constitution," such as by: (a) relying on pertinent federal cases employing constitutional analysis, (b) relying on state cases employing constitutional analysis in like fact situations, (c) asserting the claim with such particularity as to call to mind a specific constitutional right,

and (d) alleging a pattern of facts that is within the mainstream of constitutional litigation. Id. at 194; accord, e.g., Strogov v. Att'y General, 191 F.3d 188, 191 (2d Cir.1999). The question is simply whether the state court had a "fair opportunity" to consider the claim. Id. at 276. The nature, or petitioner's presentation of, the claim must have been likely to alert the state court to the claim's federal nature. Daye, 696 F.2d at 192.

Petitioner's appellate brief was insufficient to put the state courts on notice that he was intending to assert a federal constitutional claim. There is no reference to a specific constitutional provision, or to the general concepts of federal due process and the right to a fair trial, in the point heading. The body of his argument contained citations to various state court decisions and the New York State constitution.[2] Accordingly, petitioner did not comply with any of the methods presented in Daye for alerting the state courts that a federal constitutional argument was being pressed. The claim is therefore unexhausted.

Notwithstanding petitioner's failure to exhaust his due process claim, it should still be dismissed on the merits pursuant

---

[2] Petitioner's argument does reference one Supreme Court case, Kyllo v. United States, 533 U.S. 27 (2001), which does not relate to his specific due process claim. Kyllo, which held that the use of a thermal imaging device from a public vantage point to monitor the radiation of heat from a person's home was a "search" within the meaning of the Fourth Amendment, was cited by petitioner in support of his peripheral argument urging the adaptation of New York's constitution to advancements in technology. See Resp't Appx. A at 17.

to the authority conferred under 28 U.S.C. § 2254(b)(2)[3] because petitioner's claim is patently frivolous. See Hammock v. Walker, 224 F.Supp.2d 544 (W.D.N.Y. 2002) ("federal courts may deny an application on the merits, notwithstanding a petitioner's failure to exhaust state court remedies. . . . This allows courts to deny habeas petitions that contain unexhausted claims that are deemed patently frivolous."). The respondent has correctly pointed out that there is no federal precedent standing for the proposition that police interviews must be electronically recorded, much less "clearly established Federal law, as determined by the Supreme Court of the United States . . ." as required by 28 U.S.C. § 2254(d)[4]. Indeed, "several Federal circuit courts of appeals have concluded that the United States Constitution does not obligate police officers to record interrogations or confessions." Caballero v. Conway, No. 07-CV-6181(VEB), 2010 WL 4878956, *8 (W.D.N.Y. Dec. 1, 2010) (citing, *inter alia*, Ridgley v. Pugh, 176 F.3d 484 (9th Cir.1999); United States v. Yunis, 859 F.2d 953, 961 (D.C.Cir.1988); Reinert v. Larkins, 379 F.3d 76, 94 n.4 (3d Cir.2004); United States v. Zamudio, No. 99-2256, 2000 WL 488474, at *2 (10th Cir. Apr.26, 2000) (unpublished decision); see

---

[3] Pursuant to the 1996 amendments to the habeas statute, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2).

[4] Notably, petitioner's counsel acknowledges in his appellate brief that the "federal interpretation" rejects the proposition that the United States Constitution mandates electronic recording of interrogations to satisfy due process. Resp't Appx. A at 12.

also <u>United States v. Meadows</u>, 571 F.3d 131 (1st Cir. 2009)("Meadows is in federal court, not state court, and as we have held, there is no federal constitutional right to have one's custodial interrogation recorded.").

Accordingly, petitioner has failed to allege a federal constitutional violation, and the claim must be dismissed.

**IV.   Conclusion**

For the reasons stated above, David Frazier's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Petitioner has failed to make a "substantial showing of a denial of a constitutional right", 28 U.S.C. § 2253 (c)(2), the court declines the issue of certificate of appealability. <u>See, e.g.</u>, <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 111-113 (2d Cir.2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:      June 6, 2011
            Rochester, New York